UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DAVID J. WIDI, JR.,

    Petitioner,

v. : CIVIL NO. 3:15-CV-1325

WARDEN C. MAIORANA, : (Judge Kosik)

    Respondent.

FILED
SCRANTON
NOV 0 8 2016
Per_____
DEPUTY CLERK

## MEMORANDUM

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner seeks reconsideration of the court's order of October 17, 2016 (Doc. 28), granting Respondent's Nunc Pro Tunc motion within which to submit a response to Petitioner's pending motion seeking reconsideration of this court's denial of his habeas petition on August 24, 2016. (Doc. 30.) The court entered a Memorandum and Order on said date finding that Petitioner was not denied the proper due process with respect to his disciplinary proceeding. (Docs. 23, 24.) According to Petitioner, the court abused its discretion when it granted Respondent's motion to nunc pro tunc file opposition to his pending motion for reconsideration, because it did not make a finding of "excusable neglect" as required by Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship, 507 U.S. 380 (1993). Petitioner claims that Respondent should

not be permitted to submit the untimely filing. He also argues that the docket sheet does not reflect his proper address, and therefore he did not receive the court's order granting Respondent's untimely motion until October 25, 2016, well after it was issued.

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Kabacinski v. Bostrom Seating, Inc., 98 F. App'x 78, 81 (3d Cir. 2004)(quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). Because "federal courts have a strong interest in the finality of judgments," United States v. Hoey, No. 09-200, 2011 WL 748152, at *2 (W.D. Pa. Feb. 15, 2011)(citation omitted), the standard that must be met to prevail on a motion for reconsideration is high, see Berry v. Jacobs IMC, LLC, 99 F. App'x 405, 410 (3d Cir. 2004).

The court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. United States v. Banks, Crim. No. 03-245, 2008 WL 5429620, at *1 (W.D. Pa. Dec. 31, 2008)(citing Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). Motions for reconsideration are not a tool to re-litigate and reargue issues which have

already been considered and disposed of by the court, see Hoey, 2011 WL 748152, at *2 (citation omitted), or for addressing arguments that a party should have raised earlier, see United States v. Dupree, 617 F.3d 724, 732-33 (3d Cir. 2010)(quotations omitted). Rather, such a motion is appropriate only where the court misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. Hoey, 2011 WL 748152, at *2. The mere dissatisfaction with the court's ruling is not a proper basis for reconsideration. Progressive Cas. Ins. Co. v. PNC Bank, N.A., 73 F.Supp.2d 485, 487 (E.D. Pa. 1999).

Based on the foregoing, the court will grant Petitioner's motion only to the extent that it will reconsider Respondent's nunc pro tunc request. However, the court will find excusable neglect in this case and still grant Respondent's nunc pro tunc motion and accept the opposition brief submitted by Respondent. Respondent states in the motion that due to a clerical error, Petitioner's file was closed and relocated following the court's Memorandum and Order denying his petition. The court finds that the reason given for Respondent's omission constitutes "excusable neglect" within the meaning of Pioneer. Surely Petitioner is not arguing that Respondent deliberately did not oppose his motion for reconsideration. Moreover, it is well-established that case management is within the discretion of the court unless there is a clear showing of prejudice. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817-

18 (3d Cir. 1982). The court finds no such prejudice here. Thus, in the spirit of Pioneer, the court finds Respondent's late filing to constitute "excusable neglect".[1] An appropriate order follows.

---

[1] To the extent Petitioner relies on Drippe v. Tobelinski, 604 F.3d 78 (3d Cir. 2009), the court finds any such reliance to be distinguishable in that Drippe was a civil rights case and involved a filing by Defendants of a summary judgment motion that was seven (7) months late. Surely, such is not the case here. The court has already denied the habeas petition, and Respondent's opposition to Petitioner's motion for reconsideration is not nearly that tardy.